IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PETRINA BRASLEY-THRASH,  )  |  | |
|     Plaintiff,  ) | | |
| )  | | |
| v.  ) | CIVIL ACTION NO.: 10-00031-KD-N | |
| ) | | |
| TEVA PHARMACEUTICALS  )  | | |
| USA, INC., *et al.*,  ) | | |
|     Defendants.  ) | | |

**ORDER**

This matter is before the Court on Defendants Teva Pharmaceuticals USA, Inc. and Actavis Elizabeth LLC's Motion for Leave to file a Joint Motion for Judgment on the Pleadings (Docs. 101, 103) and Plaintiff's Response in opposition (Doc. 102).

Defendants seek leave of Court to file a joint motion for judgment on the pleadings, outside of the scheduling deadlines established in this case, to revisit the issue of federal preemption. As grounds, Defendants reference federal cases which have been issued since the September 12, 2011 ruling on Plaintiff's motion for leave to amend her complaint (Doc. 82). Defendants assert further that 1) there was no clear deadline by which all dispositive motions had to be filed, 2) they had no notice that filing answers would be construed as preventing them from filing any dispositive motions, and 3) judicial efficiency is best served by granting leave. In the alternative, Defendants contend that the request for leave should be granted for "good cause" under Rule 16 of the Federal Rules of Civil Procedure as a modification of the scheduling order deadlines "to remedy a misunderstanding" between the parties and the Magistrate Judge.[1]

---

1 Rule 16(a)'s good cause standard "precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa v. Airprint Sys., Inc., 133

1

At the outset, Defendants' motion is untimely pursuant to the scheduling orders issued in this case. The record establishes that the Court has repeatedly given the parties opportunities to inform it of the need for additional discovery, and to either file answers to Plaintiff's complaint (and as amended) or file dispositive motions.[2] Answers to Plaintiff's amended complaint or dispositive motions were due to be filed (in lieu of filing answers), no later than October 24, 2011. On October 24, 2011, Defendants chose to file answers. (Docs. 91, 92). There was thus a clear deadline by which all dispositive motions had to be filed and the Defendants had repeated notice that they were required to answer or file a dispositive motion. Also, the Court notes that with the present motion, Defendants are not asking for time for additional discovery on the claim that was allowed in the amended complaint, or to file a motion for summary judgment on the factual merits of the claim. As such, Defendants' untimely attempt to file a dispositive motion is not well-taken, and would not serve judicial efficiency.

Moreover, Defendants have not established the requisite "good cause" for any deviation from the schedule established for this case. The Magistrate Judge's scheduling deadlines, as well as the parties' obligations to adhere to same, are clear. The Magistrate Judge also repeatedly addressed

---

F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted). A district court is required to issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b). This order controls the course of the action and may be modified only "for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). A district court retains broad discretion in deciding whether to consider untimely motions. See, e.g., Enwonwu v. Fulton-Dekalb Hosp. Auth., 286 Fed. Appx. 586, 595 (11th Cir. 2008) (unpublished). The party seeking to extend a deadline bears the burden of demonstrating good cause for modifying the uniform-scheduling order; otherwise, a party's lack of diligence and failure to notify the court of delays "would render scheduling orders meaningless." Sosa, 133 F.3d at 1419.

2 The Court will not set forth, in exhaustive fashion, the record in this case. Nevertheless, the parties' planning reports and scheduling orders and other rulings which have established the deadlines for this case consist of Docs. 23, 26, 27, 47, 49, 53-56, 60, 61, 63, 65-72, 82, 87-89, 91-96, 99-100. Additionally, the Magistrate Judge's detailed Order at Doc. 100 provides a thorough history.

scheduling issues with the parties and went to significant lengths to give the Defendants the opportunity to either answer or file an appropriate motion.

Further, while Defendants assert that the motion is "not in the nature of a request for reconsideration" of the undersigned's September 12, 2011 ruling (Doc. 82), such is the operative result of the relief requested. Indeed, a brief review of Defendants' contentions indicate that it is a request to reconsider – albeit with additional case law – an issue which has already been decided by this Court.

As such, based on the foregoing, it is **ORDERED** that Defendants Teva Pharmaceuticals USA, Inc. and Actavis Elizabeth LLC's Motion for Leave to file a Joint Motion for Judgment on the Pleadings (Docs. 101, 103) is **DENIED.**

**DONE** and **ORDERED** this the **6**[th] day of **January 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**